Exhibit "A"

Jeffrey J. Steele (#10606)
Justin M. Hosman (#15634)
Alyssa J. Wood (#16613)
**STEELE ADAMS HOSMAN**
765 East 9000 South, Suite A1
Sandy, UT 84094
(801) 816-3999
jeff@sahlegal.com
justin@sahlegal.com
alyssa@sahlegal.com

*Attorneys for Plaintiff*

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| JONATHAN D. SANDERS;<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE PREFERRED INSURANCE COMPANY; and DOES 1-10, inclusive;<br><br>Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No.<br>Judge:<br><br>Discovery Tier 3 |

COMES NOW Plaintiff and complains of Defendants as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This case is filed pursuant to Tier III of Rule 26 of the Utah Rules of Civil Procedure.

2. At all relevant times herein, Jonathan D. Sanders ("Sanders") was a resident of Salt Lake County, Utah.

3. Upon information and belief, Defendant Progressive Preferred Insurance Company ("Progressive") does business in Salt Lake County, Utah, as a provider of auto insurance.

4. The conduct of Progressive which gives rise to this Complaint occurred in Salt Lake County, Utah.

5. Venue is proper in Salt Lake County, Utah.

## GENERAL ALLEGATIONS

6. At all relevant times, Sanders was a covered insured under an automobile insurance policy including Underinsured Coverage and Personal Injury Protection Coverage issued by Progressive (the "UIM Policy").

7. At all relevant times, Progressive agreed under the UIM Policy to insure Sanders for the automobile coverages and risks describe in the UIM Policy. Progressive and Sanders understood and intended that the insurance coverage purchased by Sanders would provide financial security, financial protection and financial benefits to Sanders in the event of being injured in an auto accident, and in the event of being injured by an underinsured motorist.

8. Sanders fulfilled all of his duties and obligations under the UIM Policy and the contract with Progressive by timely paying all premiums charged by Progressive.

9. By entering into the insurance contract(s) and accepting premiums from Sanders, Progressive agreed to act in good faith, to deal fairly with Sanders, and to perform all its obligations as set forth in the UIM Policy and as mandated by Utah law.

10. On November 9, 2019, Sanders was in a rear-end collision caused by Christine Bills. As a result of the collision, Sanders incurred personal injuries, pain and suffering, and permanent impairment.

11. On or about July 8, 2020, Sanders settled with Ms. Bills and her insurance carrier for policy limits of $25,000. Christine Bills was underinsured.

12. Progressive waived its subrogation rights against Ms. Bills.

13. Following the collision, Sanders expected that medical bills, pain and suffering and other damages would be paid by Progressive as agreed under the UIM Policy. However, instead of paying for medical bills incurred within 30 days of being presented, Progressive delayed, refused to pay, and/or improperly discounted certain medical bills.

14. On or about July 17, 2018, Sanders tendered a claim to Progressive under the UIM Policy. Sanders also provided his medical bills and records, the accident report, and other information describing in detail his injuries and loss.

15. Progressive made an offer substantially below the injuries and loss suffered by Sanders. Progressive knew that its offer was too low and unfair given Sanders's injuries, impairments, and loss.

16. At the time Progressive made its offer, it was aware that Sanders had received permanent injuries and/or impairments as a result of the collision, and that he continues to suffer from the impact and results of the collision.

17. At the time Progressive made its offer, it was aware that its offer was unreasonable and unfair in light of the UIM Policy, its obligations under the UIM Policy and the law, and the information known to it.

18. At the time Progressive made its offer, it was aware that it had not acted in good faith to fairly and adequately investigate and evaluate Sanders's injuries, impairments, losses and claims.

19. Progressive's refusal to meet its obligations under the UIM Policy and to make reasonable and proper settlement offers has forced Sanders to file suit to obtain the UIM Policy benefits owed to him.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

20. Plaintiff hereby incorporates all previous allegations of this Complaint.

21. Progressive has contractual and legal obligations to pay Sanders all amounts owing to him under the UIM Policy. Progressive is obligated to diligently and promptly investigate the facts and to fairly evaluate Sanders's claims. Progressive also owes Sanders the obligation to act in good faith and to deal fairly with Sanders, and Progressive must not do any act that could deny him the benefits of his bargain under the insurance contract(s) with Progressive, or place its own economic interests above those of Sanders.

22. Progressive breached its contract with Sanders by, among other things:

   a. Acting in bad faith in not dealing fairly with Sanders;

   b. Acting in bad faith in analyzing, evaluating and adjusting Sanders's UIM claim;

   c. Placing its own economic interests over those of Sanders;

   d. Failing or refusing to pay certain medical bills in the manner required by the UIM Policy and Utah law;

   e. Making an unrealistically low settlement offer that was substantially below the reasonable value of the claim given Sanders's injuries, impairments and loss;

   f. Failing to properly, fairly, and fully investigate and evaluate Sanders' claims;

      g. Refusing to pay the fair value of Sanders' claims and refusing or failing to provide any justifiable basis for its unreasonably low offer;

      h. Forcing Sanders to file suit to force Progressive to honor its contractual obligations, and to incur substantial costs and fees as a result.

23. Due to Progressive's breach of contract, Sanders has suffered and continues to suffer general and consequential damages in an amount to be proven at trial, including without limitation, expectation damages, consequential damages, reliance damages and interest thereon.

## SECOND CAUSE OF ACTION – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

24. Plaintiff hereby incorporates all previous allegations of this Complaint.

25. By entering into the auto insurance contract and accepting premiums from Sanders, Progressive agreed to act in good faith and to deal fairly with Sanders.

26. In the absence of any reasonable basis for doing so, and with full knowledge of and a reckless disregard for, the foreseeable consequences of its acts and omissions, Progressive failed and refused to act in good faith and to deal fairly with Sanders by, among other things:

      a. Placing its own economic interests over those of Sanders;

      b. Failing or refusing to pay certain medical bills in the manner required by the UIM Policy and the law;

      c. Making an unrealistically low settlement offer that was substantially below the reasonable value of the claim given Sanders's injuries, impairments and loss;

      d. Failing to properly, fairly, and fully investigate and evaluate Sanders's claims;

      e. Refusing to pay the fair value of Sanders's claims and refusing or failing to provide any justifiable basis for its unreasonably low offer;

   f. Forcing Sanders to file suit to force Progressive to honor its contractual obligations, and to incur substantial costs and fees as a result.

27. Sanders has suffered and continues to suffer general and consequential damage and mental suffering as a result of Progressive's breach of its duty of good faith and fair dealing in amounts to be proven at trial.

28. Progressive knew or should have known that its wrongful acts and omissions were in violation of its obligations under the UIM Policy and Utah law.

29. Progressive's acts and omissions were willful and malicious, or manifested a knowing and reckless indifference toward, and a disregard of, Sanders's rights, and Progressive should be required to pay punitive damages in an amount to be determined by a jury.

### THIRD CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiff hereby incorporates all previous allegations of this Complaint.

31. Progressive's conduct was outrageous and intolerable in that it offends the generally accepted standards of decency and morality.

32. Progressive engaged its conduct toward Sanders with the purpose of inflicting emotional distress, or, where any reasonable person would have known that such would result.

33. Progressive acted toward Sanders with reckless disregard of the probability of causing emotional distress.

34. Sanders suffered severe or extreme emotional distress which was proximately caused by Progressive's outrageous conduct.

35. Progressive's acts and omissions were willful and malicious, or manifested a knowing and reckless indifference towards, and disregard of, Sanders's rights, and Progressive should be required to pay punitive damages in an amount be determined by a jury.

## JURY DEMAND

Plaintiff hereby demands trial by jury and tenders the associated statutory fee.

WHEREFORE, Plaintiff requests relief against Defendant as follows:

1. For special damages as established by proof;

2. For general damages as established by proof;

3. For interest on damages as permitted by law;

4. For attorneys' fees and costs as permitted by law;

5. For punitive damages in an amount to be determined at trial;

6. For such other and further relief as the Court deems just and equitable.

DATED this 15th day of February, 2021.

**STEELE ADAMS HOSMAN**

*/s/ Jeff Steele*
Jeffrey J. Steele
Justin Hosman
Alyssa J. Wood
*Attorneys for Plaintiffs*

Server C Aud
Date 2-16-21  Time 12:30 pm
P/S
ANDERSON INVESTIGATIONS, INC   #P101391
P.O. BOX 535, SLC, UT 84110   877-619-1110

Jeffrey J. Steele (#10606)
Justin M. Hosman (#15634)
Alyssa J. Wood (#16613)
**STEELE ADAMS HOSMAN**
765 East 9000 South, Suite A1
Sandy, UT 84094
(801) 816-3999
jeff@sahlegal.com
justin@sahlegal.com
alyssa@sahlegal.com

*Attorneys for Plaintiff*

---

### IN THE THIRD JUDICIAL DISTRICT COURT
### IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| JONATHAN D. SANDERS;<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE PREFERRED INSURANCE COMPANY; and DOES 1-10, inclusive;<br><br>Defendants. | **SUMMONS**<br><br>Case No. 210900866<br>Judge Keith Kelly |

STATE OF UTAH to the above-named Defendant:

    **Progressive Preferred Insurance Company**
    c/o its registered agent
    CT Corporation System
    1108 E. South Union Ave.
    Midvale, UT 84047-2904
    (801) 984-8160

You are hereby summoned and required to answer the attached Complaint within twenty-one (21) days after service of this summons. You must file your written answer with the Clerk of the Court at the following address: Matheson Courthouse, 450 South State St., P.O. Box 1860,

Salt Lake City, UT 84114-1860. You must also mail or deliver a copy of your answer to Plaintiff's attorney at the address listed above. If you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint, a copy of which is on file with the Court.

DATED this 15th day of February 2021.

**STEELE ADAMS HOSMAN**

*/s/ Jeff Steele*
Jeffrey J. Steele
Justin M. Hosman
Alyssa J. Wood
*Attorneys for Plaintiff*