IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **JONATHAN D. SANDERS,**<br><br>          **Plaintiff,**<br><br>v.<br><br>**PROGRESSIVE PREFERRED INSURANCE COMPANY; and DOES 1-10, inclusive,**<br><br>          **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>**Case No. 2:21-cv-00146-JCB**<br><br><br><br>**Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Plaintiff Jonathan D. Sanders's ("Mr. Sanders") motion for extension of time to respond to Defendant Progressive Preferred Insurance Company's ("Progressive") motion for partial summary judgment.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, the court grants Mr. Sanders's motion.

---

[1] ECF No. 10.

[2] ECF No. 21.

## BACKGROUND

Progressive moved for partial summary judgment on September 15, 2021.[3] Under DUCivR 7-1(a)(4)(B)(iii), Mr. Sanders's response to Progressive's motion was due within twenty-eight days, or by October 13, 2021 ("Response Deadline"). Mr. Sanders failed to file a timely response.

On October 16, 2021, Mr. Sanders filed his motion to extend the Response Deadline,[4] along with his response to Progressive's motion for partial summary judgment.[5] In his motion, Mr. Sanders asks the court to extend the Response Deadline to October 16, 2021, and to accept his response as timely. Mr. Sanders contends that he was unable to comply with the Response Deadline because: (1) in September 2021, one of his attorneys tested positive for COVID-19, and other of his attorneys exhibited COVID-19 symptoms and were forced to quarantine; (2) also during September 2021, his attorneys' litigation and scheduling paralegal was not working for an extended period for personal reasons; and (3) from September 28, 2021, through October 13, 2021, his attorneys were in the process of moving office spaces, which included coordinating remodeling and refurnishing. As a result of those problems, Mr. Sanders asserts that his counsel failed to calendar the Response Deadline correctly, which resulted in his counsel missing that deadline.

---

[3] ECF No. 16.

[4] ECF No. 21.

[5] ECF No. 22.

Progressive opposes Mr. Sanders's motion.[6] Progressive contends that Mr. Sanders fails to provide sufficient support for his motion and that his asserted explanations for missing the Response Deadline are inadequate to show "good cause" and "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B).

In his reply, Mr. Sanders provides further support for his previously stated reasons for incorrectly calendaring and missing the Response Deadline.[7] Mr. Sanders's reply includes sworn declarations indicating that: (1) one of his attorneys tested positive for COVID-19 during September 2021 and was forced to quarantine at home for two weeks; (2) during September 2021, another of his attorneys was exposed to the attorney who tested positive for COVID-19, experienced flu-like symptoms, and was forced to quarantine for ten days; (3) his attorneys' office lease expired at the end of September 2021, and his attorneys were delayed in moving into their new office space by approximately ten days due to construction delays; and (4) his attorneys' sole litigation paralegal, who is responsible for calendaring of deadlines, was not working for approximately two weeks during September 2021.[8] Mr. Sanders contends that the combination of all of those reasons led to his counsel failing to calendar the Response Deadline correctly and missing the Response Deadline.

---

[6] ECF No. 23.

[7] ECF No. 25.

[8] ECF No. 25-1.

## **LEGAL STANDARDS**

Mr. Sanders filed his motion for an extension of time after the Response Deadline had expired. Accordingly, Mr. Sanders's motion is governed by Rule 6(b)(1)(B), which provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect." Therefore, Mr. Sanders must show both good cause and excusable neglect for his motion to be granted.

The United States Court of Appeals for the Tenth Circuit has recognized that good cause and excusable neglect are not identical but are interrelated.[9] With respect to what is required to show good cause, the Tenth Circuit has stated:

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.[10]

"'[G]ood cause' requires a greater showing than 'excusable neglect.'"[11] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the

---

[9] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris,* 833 F.2d 903, 905 (10th Cir. 1987).

[10] *In re Kirkland,* 86 F.3d at 175 (emphasis in original) (quotations and citations omitted); *see also Putnam,* 833 F.2d at 905.

[11] *In re Kirkland*, 86 F.3d at 175.

4

movant."[12] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[13]

To determine whether the lesser standard of excusable neglect is shown,

> a court must take into account "all relevant circumstances surrounding the party's omission." These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within reasonable control of the movant"; and (4) "whether the movant acted in good faith."[14]

"The Tenth Circuit has . . . held that the third factor . . . is 'perhaps the most important single factor . . . in determining whether neglect is excusable.'"[15] "'[A]n inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'"[16]

---

[12] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (quotations and citation omitted).

[13] *Id*. at 701 (quotations and citation omitted).

[14] *Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (citations omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *see also Shifers*, 2018 WL 6620866, at *3 (providing that although the *Pioneer* Court's "discussion of excusable neglect . . . concerned Bankruptcy Rule 9006(b)(1), . . . its analysis rested on the plain meaning of the terms . . . . Accordingly, the Court of Appeals for the Tenth Circuit has extended the *Pioneer* standard of excusable neglect to motions arising under . . . Federal Rule of Civil Procedure 6(b)" (citing multiple Tenth Circuit cases) (quotations and citations omitted)).

[15] *Shifers*, 2018 WL 6620866, at *3 (third alteration in original) (quoting *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

[16] *Id*. (alteration in original) (quoting *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017)).

In considering Mr. Sanders's motion, the court is "mindful that Rule 6(b)(1) 'should be liberally construed to advance the goal of trying each case on the merits.'"[17] Other courts in this district have concluded that said reasoning applies to both the good-cause standard in Rule 6(b)(1) and the excusable-neglect standard in Rule 6(b)(1)(B).[18]

## ANALYSIS

Given that establishing good cause requires at least a showing of excusable neglect, the court first considers whether Mr. Sanders establishes excusable neglect. The court then considers whether he meets the higher standard of good cause. As shown below, Mr. Sanders satisfies both standards. Therefore, the court grants his motion for extension of time.

### I.     Mr. Sanders Establishes Excusable Neglect.

In arguing that Mr. Sanders's motion fails to establish excusable neglect, Progressive argues only that Mr. Sanders fails to establish the third factor by providing an inadequate explanation for missing the Response Deadline. Nevertheless, the court considers all the relevant factors below. Based upon that consideration, the court concludes that Mr. Sanders establishes excusable neglect.

---

[17] *Herbert*, 678 F. App'x at 700 (quoting *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016)).

[18] *Klein v. Justin D. Heideman, LLC*, No. 2:19-CV-00854-DN-PK, 2021 WL 4482144, at *2 (D. Utah Sept. 30, 2021); *Myers v. St. George Police Dep't*, No. 4:20-CV-00113-DN-PK, 2021 WL 4173451, at *5 (D. Utah Sept. 14, 2021); *Bramhall v. Cyprus Credit Union*, No. 2:19-CV-00477-RJS-DAO, 2020 WL 4596934, at *2 (D. Utah Aug. 11, 2020); *Butterfield v. United States*, No. 2:18-CV-00243, 2020 WL 8408462, at *2 (D. Utah July 16, 2020); *Ute Indian Tribe of the Uintah & Ouray Rsrv. v. McKee*, No. 2:18-CV-00314, 2019 WL 1931713, at *4 (D. Utah May 1, 2019).

First, extending the Response Deadline would not prejudice Progressive. Importantly, Progressive does not identify any prejudice that would result from granting an extension, and the court cannot see how any such prejudice would accrue by extending the Response Deadline by a mere three days.

Second, the length of the delay will not adversely impact judicial proceedings. Mr. Sanders's requested three-day extension is minimal, and granting the extension will not have a negative effect on the judicial proceedings. To the contrary, denying the extension would be counter to the court's preference for resolving Progressive's motion for partial summary judgment on the merits with the benefit of full briefing.

Third, Mr. Sanders's motion and reply provide an adequate reason for missing the Response Deadline. Specifically, Mr. Sanders's counsel's stated complications with COVID-19, office logistics, and support staff provide an adequate explanation for the incorrect calendaring and corresponding failure to meet the Response Deadline. With respect to COVID-19, the Tenth Circuit has held that "[a] lawyer's medical problems or serious health challenges may be an adequate justification for delayed filings, and therefore can be sufficient for a finding of excusable neglect."[19] Given the unquestionably serious nature of COVID-19, the court is satisfied that it provides an adequate explanation here, particularly when considered along with Mr. Sanders's additional reasons for incorrectly calendaring and missing the Response Deadline. The court also notes that Mr. Sanders's request is not part of a pattern but appears to be an

---

[19] *Perez*, 847 F.3d at 1253.

isolated incident, which is a proper consideration in determining whether Mr. Sanders establishes excusable neglect.[20]

Finally, the court considers whether Mr. Sanders has acted in good faith. The court sees no evidence of bad faith on his part, and Progressive does not argue otherwise. Because all of the relevant factors weigh in his favor, the court concludes that Mr. Sanders establishes excusable neglect. The court now turns to whether he can establish good cause.

## II. Mr. Sanders Establishes Good Cause.

Based upon his explanation for incorrectly calendaring and missing the Response Deadline, Mr. Sanders meets the higher standard of good cause. As stated above, "[g]ood cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[21] Mr. Sanders's proffered explanations discussed above are sufficient to demonstrate that the incorrect calendaring and missing of the Response Deadline were caused by occurrences that were not within Mr. Sanders's or his counsel's control. Therefore, Mr. Sanders establishes good cause.

As demonstrated above, Mr. Sanders meets both the excusable-neglect standard and the good-cause standard in Rule 6(b)(1)(B). Therefore, the court grants his motion and accepts as

---

[20] *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005) (considering excusable neglect under Fed. R. Civ. P. 60(b)(1) and providing that "[a] court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay)"); *see also Perez*, 847 F.3d at 1253 (concluding that the district court did not abuse its discretion when it determined that a party had not established excusable neglect under Rule 6(b)(1)(B) and noting that "[h]ad counsel's error been isolated, our decision might be different").

[21] *Herbert*, 678 F. App'x at 700-01 (quotations and citation omitted).

timely his previously filed response to Progressive's motion for partial summary judgment. Given that ruling, the court orders Progressive to file its reply in support of its motion for partial summary judgment within fourteen days of the date of this order, consistent with DUCivR 7-1(a)(4)(B)(iv).

## ORDER

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Mr. Sanders's motion for extension of time to respond to Progressive's motion for partial summary judgment[22] is GRANTED.

2. The court accepts Mr. Sanders's response to Progressive's motion for partial summary judgment filed on October 16, 2021,[23] as timely.

3. Consistent with DUCivR 7-1(a)(4)(B)(iv), Progressive's reply in support of its motion for partial summary judgment shall be filed within fourteen days of the date of this order.

IT IS SO ORDERED.

DATED December 6, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[22] ECF No. 21.

[23] ECF No. 22.