# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **JONATHAN D. SANDERS,**<br><br>Plaintiff,<br><br>v.<br><br>**PROGRESSIVE PREFERRED INSURANCE COMPANY; and DOES 1-10, inclusive,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:21-cv-00146-JCB<br><br><br>Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Defendant Progressive Preferred Insurance Company's ("Progressive") motion for partial summary judgment.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, Progressive's motion is granted in part and denied in part.

---

[1] ECF No. 10.

[2] ECF No. 16.

## BACKGROUND

This action arises from Plaintiff Jonathan D. Sanders's ("Mr. Sanders") claim for underinsured motorist ("UIM") insurance coverage from Progressive.[3] During the relevant time period, Mr. Sanders was covered under an automobile insurance policy issued by Progressive, which included UIM coverage.[4] Mr. Sanders filed his complaint in this action in Utah state court on February 15, 2021, which generally alleges that Progressive violated its obligation to pay Mr. Sanders UIM insurance benefits.[5] Mr. Sanders asserts causes of action against Progressive for: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, and (3) intentional infliction of emotional distress.[6] On March 9, 2021, Progressive removed the action to this court based upon complete diversity of citizenship between the parties.[7]

Prior to the end of the original fact discovery deadline before this court,[8] Progressive filed its motion for partial summary judgment.[9] Progressive seeks summary judgment on Mr. Sanders's second cause of action for breach of the covenant of good faith and fair dealing and his third cause of action for intentional infliction of emotional distress. Progressive's motion relies almost exclusively upon the declaration of Gregory Wallin ("Mr. Wallin"), the Progressive

---

[3] *See generally* ECF No. 2-1.

[4] *Id.*, ¶ 6.

[5] *See generally id.*

[6] *See generally id.*

[7] ECF No. 2.

[8] ECF No. 12.

[9] ECF No. 16.

claims specialist who handled Mr. Sanders's UIM claim.[10] Mr. Wallin's declaration generally summarizes his evaluation of Mr. Sanders's UIM claim, including: (1) a brief explanation of his "initial review" of the claim and some of Mr. Sanders's medical records;[11] (2) a brief explanation of his "further" review of the claim;[12] (3) his valuation of the claim, including an "estimate of general damages" that was derived from his "estimate of the range of possible jury awards, based on the facts of this case and [his] experience in working on Utah cases;"[13] and (4) his determination that Mr. Sanders had "been overcompensated" through insurance payments.[14] Based on Mr. Wallin's testimony, Progressive argues that its obligation to provide any UIM compensation to Mr. Sanders is fairly debatable, and, therefore, Mr. Sanders's second cause of action fails as a matter of law.

In his response to Progressive's motion, Mr. Sanders agrees that summary judgment is appropriate for this third causes of action. However, Mr. Sanders resists Progressive's motion on his second cause of action as premature given that discovery is ongoing because of the parties' stipulation.[15] In support of that argument, Mr. Sanders has submitted an affidavit from his counsel that outlines the additional discovery he believes is necessary, including Mr. Wallin's deposition and Progressive's deposition under Fed. R. Civ. P. 30(b)(6), neither of which have

---

[10] ECF Nos. 16-5, 16-6.

[11] ECF No. 16-5, ¶¶ 20-24.

[12] *Id*., ¶ 28.

[13] *Id*., ¶¶ 29-30.

[14] *Id*., ¶ 31.

[15] ECF Nos. 19, 20.

3

been taken.[16] Mr. Sanders's counsel also asserts that Mr. Sanders needs to conduct discovery on the issues in Mr. Wallin's declaration identified above.[17] Based upon that affidavit, Mr. Sanders argues that the court should, under Fed. R. Civ. P. 56(d), deny Progressive's motion without prejudice and permit the parties to engage in further discovery.

In its reply, Progressive argues that Mr. Sanders's Rule 56(d) request is improper because it was not presented as a separate motion, as required by DUCivR 7-1(a)(3).[18] Progressive further contends that even if the court considers Mr. Sanders's Rule 56(d) request, it should be denied because the supporting affidavit does not provide an adequate explanation of the unavailable facts or how any additional facts will rebut Progressive's motion for summary judgment on Mr. Sanders's second cause of action.

## ANALYSIS

Based upon the following analysis, the court: (I) grants Mr. Sanders's Rule 56(d) request[19] and denies without prejudice Progressive's motion for summary judgment on Mr.

---

[16] ECF No. 22-1, Exhibit 3, ¶ 10.

[17] *Id.*, ¶ 13.

[18] DUCivR 7-1(a)(3) ("A party may not make a motion, including a motion under Fed. R. Civ. P. 56(d), or a cross-motion in a response or reply. Any motion must be separately filed.").

[19] The court acknowledges that Mr. Sanders's Rule 56(d) request was not presented by way of separate motion, as required by DUCivR 7-1(a)(3). Nevertheless, the court considers the request under the circumstances presented here because rejecting the request would be counter to the court's preference for resolving cases on their merits rather than on procedural technicalities. *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) ("[O]ur legal system strongly prefers to decide cases on their merits"); *U.S. ex rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018 (10th Cir. 1994) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." (quotations and citations omitted)); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) ("The preferred disposition of any case

Sanders's second cause of action; and (II) grants Progressive's motion for summary judgment on Mr. Sanders's third cause of action based upon Mr. Sanders's stipulation. Accordingly, Progressive's motion for partial summary judgment is granted in part and denied in part.

I. **The Court Grants Mr. Sanders's Rule 56(d) Request and Denies Without Prejudice Progressive's Motion for Summary Judgment on Mr. Sanders's Second Cause of Action.**

Under the circumstances, Mr. Sanders is entitled to relief under Rule 56(d). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.[20]

Rule 56(d) "is designed to safeguard against a premature or improvident grant of summary judgment."[21] "The general principle of Rule 56[(d)] is that 'summary judgment [should] be

---

is upon its merits . . . ."); *Meeker v. Rizley*, 324 F.2d 269, 271-72 (10th Cir. 1963) ("The law favors the disposition of litigation on its merits."); *XMission, L.C. v. Adknowledge, Inc.*, No. 2:15-CV-277-TC, 2016 WL 3562039, at *8 (D. Utah June 24, 2016) ("[C]ourts express a strong preference for deciding cases on the merits rather than on a procedure-based ruling."). The court also notes that the parties had the full and fair opportunity to brief the issue in the context of their summary judgment arguments. However, for future filings, the court encourages counsel to read and comply with the court's local rules because failure to do so may result in consequences that are detrimental to the violating party's position.

[20] Fed. R. Civ. P. 56(d)(1)-(3).

[21] *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986).

refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.' The movant's exclusive control of such information is a factor weighing heavily in favor of relief under Rule 56[(d)]."[22] "Unless dilatory or lacking in merit, [a Rule 56(d)] motion should be liberally treated."[23] "In [the Tenth] [C]ircuit, a party seeking to defer a ruling on summary judgment under Rule 56[(d)] must provide an affidavit explain[ing] why facts precluding summary judgment cannot be presented."[24] Such an affidavit must identify: "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment."[25]

  As demonstrated below, Mr. Sanders's counsel's affidavit satisfies all requirements under Rule 56(d). First, contrary to Progressive's contention, the affidavit identifies the probable facts that are unavailable—namely the facts related to Progressive's handling of Mr. Sanders's UIM claim. The affidavit further states that said discovery will be gleaned through Mr. Wallin's deposition, Progressive's Rule 30(b)(6) deposition, and other discovery on the issues raised by

---

[22] *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (second alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).

[23] *Comm. for First Amend. v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (quotations and citation omitted).

[24] *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (final alteration in original) (quotations and citation omitted).

[25] *Id.* (alteration in original) (quotations and citations omitted).

Mr. Wallin's declaration. Importantly, without any of that discovery, Mr. Sanders has been unable to test any of the statements in Mr. Wallin's declaration.[26]

Second, the affidavit describes why those facts cannot be presented currently. The affidavit correctly states that at the time Progressive's motion for partial summary judgment was filed, the parties were still engaged in fact discovery, and Mr. Sanders had not yet taken Mr. Wallin's deposition, Progressive's Rule 30(b)(6) deposition, or conducted other discovery on the issues raised by Mr. Wallin's declaration. In fact, at the time Mr. Sanders filed his opposition to Progressive's motion, there were still approximately four months left before fact discovery was set to expire.

Third, the affidavit identifies the steps that Mr. Sanders intends to take to obtain the unavailable facts. Specifically, as noted above, the affidavit indicates that Mr. Sanders intends to depose Mr. Wallin's and Progressive in addition to other discovery regarding the issues raised in Mr. Wallin's declaration.

Finally, the affidavit describes how additional time will enable Mr. Sanders to obtain the unavailable facts and rebut Progressive's motion for summary judgment. With respect to additional time, it is unclear to the court if any is necessary. Indeed, the fact discovery deadline

---

[26] *See, e.g.*, *Ruiz v. Allstate Ins. Co.*, No. CIV 12-00589 WDS/LFG, 2012 WL 12884386, at *1 (D.N.M. Oct. 18, 2012) (granting the defendant's Rule 56(d) request and denying without prejudice the plaintiff's motion for summary judgment because the plaintiff's affidavit in support of the motion for summary judgment could "only be considered self-serving in that [the d]efendant had no opportunity to cross-examine the assertions made in [the] affidavit").

has not yet expired, and discovery should have been progressing while Progressive's motion was pending.[27]

Additionally, Mr. Sanders persuasively shows how unavailable facts will rebut Progressive's motion. Specifically, the affidavit demonstrates that Mr. Sanders will seek discovery on Progressive's handling of his UIM claim, including whether Progressive diligently investigated the claim and fairly evaluated the claim. That discovery is important given that Progressive argues that it did not breach the covenant of good faith and fair dealing because the value of Mr. Sanders's UIM claim was fairly debatable, which is an absolute defense to liability for an alleged breach of the covenant of good faith and fair dealing here. Indeed, "an insurer cannot be held to have breached the covenant of good faith on the ground that it wrongfully denied coverage if the insured's claim, although later found to be proper, was fairly debatable at the time it was denied."[28] The Utah Supreme Court further described that defense by stating:

> An analysis of whether an insurance claim is fairly debatable is closely related to an analysis of whether an insurer fulfilled its duty under *Beck* to evaluate the claim fairly. When making the determination of whether a claim is fairly debatable, a judge should remain mindful of an insurer's implied duties to diligently investigate claims, evaluate claims fairly, and act reasonably and promptly in settling or denying claims. Only when there [is] a legitimate factual issue as to the validity of [the insured's] claim, such that reasonable minds could not differ as to whether the

---

[27] The court notes that the fact discovery deadline is now set to expire in approximately two weeks. If Mr. Sanders has not yet had the chance to conduct the discovery he seeks, and to which he is entitled under the relevant rules, the court encourages the parties to attempt to stipulate to an extension of any necessary deadlines in the current scheduling order. The court also notes that Mr. Sanders recently filed a short-form discovery motion concerning Mr. Wallin's deposition. ECF No. 30. The court will resolve that short-form motion promptly once it is fully briefed.

[28] *Jones v. Farmers Ins. Exch.*, 286 P.3d 301, 304 (Utah 2012) (quotations, citations, and footnote omitted).

>insurer's conduct measured up to the required standard of care, should the court grant judgment as a matter of law.[29]

The crux of Progressive's argument is that it and Mr. Sanders had a difference of opinion about Mr. Sanders's general damages, which, according to Progressive, means that the total value of Mr. Sanders's UIM claim was fairly debatable.[30] Therefore, Progressive argues, it cannot be held to have breached the covenant of good faith and fair dealing under Utah law.

Without permitting Mr. Sanders to conduct his proposed discovery, the court cannot conclude that Progressive has established, as a matter of law, that the value of Mr. Sanders's UIM claim was fairly debatable. As stated above, when considering Progressive's argument, the court must keep in mind Progressive's duties under *Beck*. Without allowing Mr. Sanders to conduct his requested discovery, the court cannot determine whether Progressive satisfied those duties. The court must also remain sensitive to whether there is a legitimate factual issue as to the validity of Mr. Sanders's claim, "such that reasonable minds could not differ as to whether the insurer's conduct measured up to the required standard of care."[31] Again, by determining Progressive's motion before permitting Mr. Sanders to conduct his proposed discovery, the court cannot conclude whether there is such a legitimate factual issue. For those reasons, Mr. Sanders's

---

[29] *Id.* at 305 (alterations in original) (quotations, citations, and footnotes omitted).

[30] In making this argument, Progressive notes that "Utah appellate courts have not addressed whether a legitimate difference of opinion as the appropriate amount of [general] damages means that a claim is 'fairly debatable' as a matter of law." ECF No. 16 at 15. Given that the court is granting Mr. Sanders's Rule 56(d) request and denying without prejudice Progressive's motion on Mr. Sanders's second cause of action, the court need not reach that issue here.

[31] *Jones*, 286 P.3d at 305.

affidavit adequately describes how the unavailable facts will potentially rebut Progressive's motion on his second cause of action.[32]

Because Mr. Sanders's affidavit satisfies the relevant requirements, the court grants Mr. Sanders's Rule 56(d) request. Accordingly, under Rule 56(d), the court elects to deny without prejudice Progressive's motion for summary judgment on Mr. Sanders's second cause of action.

II.     **The Court Grants Progressive's Motion for Summary Judgment on Mr. Sanders's Third Cause of Action.**

As stated above, in his response to Progressive's motion for summary judgment, Mr. Sanders stipulates to the dismissal of his third cause of action. Therefore, the court grants Progressive's motion as to Mr. Sanders's third cause of action and dismisses that cause of action with prejudice.

---

[32] Progressive also argues that it is entitled to summary judgment on Mr. Sanders's second cause of action because he has failed to provide any evidence of damages for that cause of action. That argument fails. Fed. R. Civ. P. 26(a)(1)(A)(iii) provides that a party must provide in its initial disclosures "a computation of each *category* of damages claimed." Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added). Importantly, and contrary to Progressive's argument, it does not require a party to provide a computation of damages for each cause of action. In his initial disclosures concerning damages, Mr. Sanders disclosed the specific amount of damages for his medical expenses and provided supporting documentation for that amount. ECF No. 16-3, ¶ C. Mr. Sanders also indicated that he would likely require future medical care. *Id*. Finally, he indicated that he "reserve[d] the right to supplement [his damages disclosures] during litigation" and that his "injuries and[ ]future medical care will be the subject of expert testimony and will be supplemented during expert discovery." *Id*. Thus, Mr. Sanders disclosed a computation of damages for at least one *category* of his damages—namely, his medical expenses. Mr. Sanders is not, as Progressive argues, required to disclose a computation of damages for each of his causes of action. Although it is true that Mr. Sanders's disclosure concerning his injuries and future medical care lacks the required computation under Rule 26(a)(1)(A)(iii), it is unclear whether he has supplemented his initial disclosures with such a computation for that category, as he is permitted to do under Rule 26(e). Furthermore, if he has not done so, Progressive has not moved to exclude any damages evidence for that category under Fed. R. Civ. P. 37(c).

## CONCLUSION AND ORDER

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Mr. Sanders's Rule 56(d) request is GRANTED.

2. Progressive's motion for partial summary judgment[33] is GRANTED IN PART and DENIED IN PART as follows:

    a. Progressive's motion for partial summary judgment on Mr. Sanders's second cause of action for breach of the implied covenant of good faith and fair dealing is DENIED WITHOUT PREJUDICE.

    b. Progressive's motion for partial summary judgment on Mr. Sanders's third cause of action for intentional infliction of emotional distress is GRANTED, and that cause of action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 24th day of January 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[33] ECF No. 16.